UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KHAIM KHAIMOV,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 00-732 (RHK/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In December 1996, Petitioner broke into a home occupied by a mother and her daughter. He forced the daughter to remove her clothes, and he then pointed a gun at her head and threatened to kill her. After terrorizing the two women for more than two hours, he left with their cash and jewelry, as well as a check that he had forced them to write out to him for $11,600. State v. Khaimov, No. C4-97-2035 (Minn.App. 1998), 1998 WL 747138

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED APR 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(unpublished opinion) at *1. Petitioner was later apprehended and charged with first degree aggravated robbery and first degree burglary. Id.

Petitioner's trial was delayed for some time, because it was not clear whether he was mentally competent. Id. Eventually, however, the trial court concluded that Petitioner was competent to stand trial. Id. Before his jury trial started, Petitioner told the judge that he wanted to discharge his attorney and represent himself at trial. That request was granted, and Petitioner proceeded to act his own attorney, with the assistance of standby counsel. Id. At the conclusion of the trial, the jury found Petitioner guilty of aggravated robbery and burglary. Id. He was sentenced to 108 months in state prison, (id.), and he is presently serving his sentence at the Minnesota Correctional Facility at Lino Lakes, Minnesota.

Following his conviction, Petitioner filed an appeal. He was represented by a public defender who filed a brief contending (a) that Petitioner was not legally competent to stand trial, and (b) that the trial court had abused its discretion at sentencing. Petitioner himself filed a separate "pro se supplemental brief and appendix." Id. at *3. It is not clear what claims Petitioner attempted to raise in his own brief, but it is clear that the Court of Appeals refused to even consider those claims, because they were not properly presented. The Court explained that:

> "Khaimov... fails to cite to the record, refers extensively to evidence from outside the record, asserts error without a coherent legal foundation, and raises issues that cannot be resolved by this court. In light of these serious defects, we decline to address Khaimov's pro se arguments."

Id.

The Court of Appeals did address the two claims raised in the brief filed by Petitioner's counsel, but both of those claims were rejected on the merits, and Petitioner's conviction and sentence were therefore affirmed. Id. By order dated January 21, 1999, the Minnesota Supreme Court denied Petitioner's request for further review. Id.

It is unclear whether Petitioner ever filed any state post-conviction motions after his direct appeal was completed. (See Petition, [Docket No. 1], p. (3), § 10.) It is clear, however, that if any such post-conviction motions were filed, Petitioner did not appeal the trial court's rulings (if any) on those motions. (See Petition, p. (4), § 11.(c).)

On March 23, 2000, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2254. Although the factual and legal basis for his present claims are far from clear, it is readily apparent that he is not challenging either the trial court's ruling on his competency, or the propriety of his sentence. Instead he appears to be claiming that he received ineffective assistance of counsel, (presumably during pre-trial proceedings, inasmuch as he represented himself at trial), that there was insufficient evidence to support his conviction, and that his arrest and conviction were the result of some type of conspiracy.

For the reasons discussed below, the Court finds that Petitioner's present claims for relief have not been fairly presented to, or decided on the merits by, any Minnesota appellate court. It will therefore be recommended that the instant petition be dismissed for non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain habeas petitions that contain unexhausted claims, such petitions are subject to summary dismissal under Rule 4.

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state court remedies requirement. The only claims that Petitioner has fairly presented to the Minnesota Supreme Court, and thus the only claims that have been exhausted, are his competency claim and his sentencing claim. Neither of those claims, however, is raised in the instant petition.

Petitioner may have attempted to raise his current claims in his pro se brief in his direct appeal, but the Court of Appeals expressly refused to address those claims on the merits, because they had not been presented in accordance with state procedural rules. State v. Khaimov, 1999 WL 747138 at * 3. It must also be presumed that the Minnesota Supreme Court refused to consider Petitioner's pro se claims, if they were raised in his petition for review. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits"). When the state courts refuse to decide a claim on the merits because it was not raised in accordance with the state's procedural rules, that claim has not been exhausted. Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992); Ylst, 506 U.S. at 801 ("[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court"). Thus, even if Petitioner attempted to raise his current claims in his pro se brief on direct appeal, those claims are still unexhausted, because they were not decided on the merits by the state courts due to the procedural deficiencies cited by the Court of Appeals.

It also is not clear from the present record whether Petitioner raised any of his current claims for relief in any state post-conviction motion. However, even if Petitioner did raise some or all of his current claims in a post-conviction motion, he still has not satisfied the exhaustion requirement, because he has not presented any post-conviction

claims to any Minnesota appellate court. (See Petition, p. (4), § 11.(c).) "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 119 S.Ct. at 1732. It clearly appears on the face of the petition that Petitioner has not presented any post-conviction claims to any Minnesota appellate court. Therefore, any claims that Petitioner may have raised in a post-conviction motion are not exhausted for federal habeas corpus purposes.

## III. CONCLUSION

In sum, the Court concludes that Petitioner has not satisfied the exhaustion of state remedies requirement, because none of his present claims for relief has been fairly presented to, and decided on the merits by, any state appellate court. The present petition must therefore be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases.

The Court cannot determine, based on the present record, whether there are any remedies still available under Minnesota state law for the claims that Petitioner is attempting to raise in his current petition. The Court will therefore give Petitioner the benefit of the doubt, and recommend that his petition be dismissed without prejudice. That will allow Petitioner to return to the state courts and attempt to exhaust the claims that he

has tried to present here.[2]

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) However, Petitioner has now paid the full five dollar filing fee for his petition, (Docket No. 4), and he has not shown that he expects to incur any other costs or expenses for which IFP status might be necessary. Petitioner's IFP application will therefore be denied as moot.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED AS MOOT**; and

(2) Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

DATED: April 3, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[2] If Petitioner does hereafter attempt to exhaust his state court remedies, he should be mindful of two important matters. First, he will have to convince the state courts to decide his claims on the merits. If the state courts dismiss his claims because of procedural flaws, without addressing the substantive legal issues presented, Petitioner will be barred from seeking federal habeas corpus relief under the doctrine of procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Second, he will have to be mindful of the one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). The Court cannot presently anticipate how some future federal habeas corpus petition might be affected by the statute of limitations, but Petitioner certainly should keep an eye on the calendar.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 21, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.