UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Khaim Khaimov,

Petitioner,

vs.

David Crist, Warden, and State of Minnesota,

Respondents.

Civil No. 00-732 (RHK/JGL)

**MEMORANDUM OPINION AND ORDER**

---

Khaim Khaimov, pro se, Minnesota Correctional Facility, Bayport, Minnesota, for Petitioner

Darrell C. Hill, Ramsey County Attorney, St. Paul, Minnesota and Kari J. Ferguson, Minnesota Attorney General, St. Paul, Minnesota, for Respondents

---

On May 2, 2000 Petitioner's Application for a Writ of Habeas Corpus was denied, and an appeal to the Eighth Circuit Court of Appeals followed. On July 11, 2000 the matter was remanded to this Court for "consideration in light of Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997), with directions that if granted, the certificate of appealability specify the issue or issues that are to be considered on appeal." For the reasons discussed below, the Court declines to issue a certificate of appealability.

FILED AUG 30 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## DISCUSSION

A state prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2254 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A certificate of appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, 111 S. Ct. 860, 862 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

The petitioner's claims were fully addressed by Magistrate Judge Jonathan G. Lebedoff in his April 3, 2000 Report and Recommendation and he found them to be without merit. This Court affirmed that determination. Petitioner's claims of error are not the kind of claims that are "debatable among reasonable jurists." Flieger, 16 F.3d at

882-83. Petitioner's claims do not present any novel or noteworthy questions of law that would warrant appellate review. "[H]abeas relief is warranted only if the [trial court's error] contains a fundamental defect resulting in a complete miscarriage of justice." Roberts v. Bowersox, 137 F.3d 1062, 1068 (8th Cir. 1998) (citing Martin v. Norris, 82 F.3d 211, 217 (8th Cir. 1996)), cert. denied, 119 S. Ct. 808 (1999). Because Petitioner has failed to show how the issues about which he complains contain any such defect or how reasonable jurists could disagree with Judge Lebedoff's analyses of these claims as set forth in his Report and Recommendation denying Petitioner's § 2254 motion, the Court concludes that he is not entitled to a certificate of appealability.

**CONCLUSION**

For the reasons set forth above, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" with regard to any of the issues that he seeks to raise on appeal. Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that a Request for a certificate of appealability is **DENIED**.

Dated: August 30, 2000

RICHARD H. KYLE
United States District Judge