UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIM KHAIMOV,

Petitioner,

v.

DAVID CRIST, Warden,

Respondent.

Civil No. 00-732 (RHK/JGL)

**ORDER**

## INTRODUCTION

Petitioner is a state prisoner who is serving a 108-month prison sentence, following his conviction for aggravated robbery and burglary. On March 23, 2000, he filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter was assigned to Magistrate Judge Jonathan Lebedoff, who found that the petition could not properly be entertained because Petitioner had not exhausted his state court remedies with respect to any of the claims raised in the petition. It was therefore recommended that the petition be summarily dismissed, without prejudice. (Report and Recommendation, ["R&R"], dated April 3, 2000; Docket No. 6.) This Court adopted the R&R, (over Petitioner objections), and ordered that the petition be dismissed without prejudice. (Order dated May 2, 2000; Docket No. 8.)

Petitioner subsequently filed a notice of appeal, seeking appellate review of the order dismissing his habeas petition. (Docket No. 10.) Petitioner did not pay the filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a) and Fed. R. App. P. 24(a). (Docket No. 11.) For the reasons discussed below, Petitioner's IFP application will be DENIED.

FILED SEP 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

## DISCUSSION

A party who is granted IFP status pursuant to 28 U.S.C. § 1915(a) and Fed. R. App. P. 24(a) will be excused from prepaying the full $105 filing fee that is normally required to bring an appeal. In order to qualify for IFP status on appeal, the party must demonstrate that he does not have the financial means to pay the full filing fee in advance. 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(1)(A). However, IFP status will be denied, regardless of the party's financial circumstances, if the Court determines that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3). "Good faith" in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)

In the instant case, it is not necessary to decide whether Petitioner is financially eligible for IFP status, because the Court finds that his appeal is not taken in good faith. As amply explained in the Magistrate Judge's Report and Recommendation, (Docket No. 6), Petitioner's application for habeas relief cannot properly be entertained in federal court, because it includes claims that have not been fairly presented to, and decided on the merits by, any Minnesota appellate court. See 2254(c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999) ("when a prisoner alleges that his continued confinement for a state conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief").

Petitioner has shown no arguable basis for taking an appeal in this matter. He has not exhausted his state court remedies with regard to the habeas claims that he is attempting to raise, and he has failed to explain why his petition should not have been summarily dismissed for non-exhaustion. Moreover, the petition was dismissed without prejudice, which means that Petitioner may still have the opportunity to submit a new (timely-filed) habeas corpus action that would include only fully-exhausted claims. This further demonstrates that the appeal Petitioner is now attempting to pursue can serve no useful purpose, and must be viewed as frivolous. Therefore, the Court certifies that Petitioner's attempt to appeal the order dismissing his habeas corpus petition is not taken in good faith. It follows that Petitioner's IFP application will be denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 11), is DENIED.

Dated: September 5, 2000

RICHARD H. KYLE
United States District Court Judge